PHILLIP A. TALBERT
Acting United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEAN LYNN CHRISTIANSEN,<br><br>Defendant. | CASE NO.  2:13-CR-00018-MCE<br><br>**STIPULATION AND ORDER CONCERING RESTITUTION**<br><br>Date: AUGUST 25, 2016<br>Time: 10:00 a.m.<br>Court: Hon. Morrison C. England, Jr. |

## STIPULATION

The United States of America, by and through its counsel of record, and defendant Dean Lynn Christiansen ("Defendant"), by and through his counsel of record, hereby stipulate as follows:

1.     On or about January 17, 2013, a grand jury empaneled in the Eastern District of California returned an Indictment that charged Defendant with a single-count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).

2.     On or about September 24, 2015, Defendant pled guilty to the charge in the Indictment, pursuant to a written plea agreement.

3.     On or about July 7, 2016, the Court sentenced Defendant to a 97-month term of imprisonment, to be followed by a 5-year term of supervised release.  After imposing sentence, the Court scheduled a restitution hearing in this matter for August 25, 2016.

4.     Under the Mandatory Restitution for Sex Crimes portion of the Violence Against Women Act of 1994, the Court must order restitution for child pornography offenses.  18 U.S.C. §

2259(a).  Restitution is mandatory in child pornography cases to any person "harmed as a result of" a defendant's crime.  *See* 18 U.S.C. § 2259(a), (c).  Restitution is required for "the full amount of the victim's losses," including any costs incurred by the victim for: (A) medical services relating to physical, psychiatric, or psychological care; (B) physical or occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorneys' fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense.  *See* 18 U.S.C. § 2259(b)(3).

5. In 2014, the United States Supreme Court determined that the plain language of Section 2259 limits restitution only to those losses proximately caused by an individual defendant's conduct.  *See Paroline v. United States*, —U.S. —, 134 S.Ct. 1710, 1720-22 (2014).  The Court rejected the victim's proposed approach – that each possessor should be liable for her entire losses – but also rejected a strict "but-for" causation requirement.  *Id.* at 1725-1727.  Instead, the Court held that where it can be shown that (a) the defendant possessed a victim's images and (b) the "victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant," a district court "should order restitution in an amount that comports with the defendant's relative role in the causal process underlying the victim's general losses."  *Id.* at 1727.  In other words, the Court rejected requiring the government to prove that a victim would not have suffered harm "but for" the particular conduct of an individual defendant, overruling the strict standard established by the Ninth Circuit in *United States v. Kennedy*, 643 F.3d 1251, 1262-63 (9th Cir. 2011) (holding that although the "defendant's conduct need not be the sole cause of the loss, it must be a material and proximate cause, and any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct").

6. The Court explained that in a case such as *Paroline*, where the defendant was convicted of possessing a number of images, two of which depicted the victim "Amy," the ultimate amount "would not be severe . . . given the nature of the causal connection between the conduct of a

possessor like the defendant in *Paroline* and the entirety of the victim's general losses from the trade in her images, which are the product of the acts of thousands of offenders." *Paroline*, 134 S.Ct. at 1727.  However, the Court also stated that the award should not be "a token or nominal amount." *Id.* The Court held that district courts should use "discretion and sound judgment" in determining the proper amount of restitution, as it cannot be a precise mathematical inquiry. *Id.* at 1728.  A variety of factors may serve as rough guideposts, but the Court declined to articulate a "precise algorithm" for determining the proper restitution amount at this point in the law's development, particularly any algorithm that would result in "trivial restitution orders." *Id.*

7. Rather, the Court suggested that district courts first "determine the amount of the victim's losses caused by the continuing traffic in the victim's images," then "set an award in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Id.* at 1728.  Pertinent factors could include (a) the number of past defendants contributing to the victim's general losses; (b) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to those losses; (c) any available and reasonably reliable estimate of the broader number of offenders (including those never apprehended) involved; (d) whether the defendant reproduced or distributed images of the victim; (e) whether the defendant had any connection to the initial production of the images; (f) how many images of the victim the defendant possessed; and (g) other facts relevant to the defendant's relative causal role. *Id.*

8. On November 4, 2015, the Ninth Circuit clarified *Paroline* in *United States v. Galan*, 804 F.3d 1287 (2015). *Galan* imposed a loss disaggregation requirement before restitution may be awarded, and held that: "distributors and possessors of child pornography cannot be ordered to pay restitution to their victims without the Government first disaggregating the harms caused by these individuals from the harms caused by the so-called 'original abuser.'" *See United States v. Chan*, 2016 WL 370712, at *1 (D. Haw. Jan. 26, 2016) (citing *Galan*, 804 F.3d at 1291).  In arriving at its holding, the *Galan* panel acknowledged the extraordinary difficulty associated with such

disaggregation: "We have no illusion that the task will be easy ... we can only say that precision is neither expected nor required." *Galan*, 804 F.3d at 1291.

9. After the disaggregation required under *Galan* is complete, and the district court knows the loss amount attributable to the distributors and possessors, it may apply the *Paroline* factors to determine the proper restitution amount due to the victim. *Galan* at 1289, n. 10. It is the government's burden to prove, by a preponderance of the evidence, the loss amounts the original abuser caused the victim. 18 U.S.C. § 3664(e).

10. While this matter was pending, counsel for two known victims portrayed in certain of the images of child pornography received by Defendant – the victim in the "Jan_Feb" series and a victim in the "Marineland" series – submitted separate requests for restitution to the government. The materials submitted by the victims' counsel did not include evidence of loss disaggregation, as required under *Galan*.

11. To meet its burden under 18 U.S.C. § 3664(e), the government contacted counsel for the victims and requested supplemental material demonstrating loss disaggregation. Counsel for each victim declined to provide such supplemental material. Neither requested additional time to prepare and submit such supplemental material. Rather, on behalf of their clients, counsel for each victim submitted written withdrawals of their earlier submitted restitution requests.

12. Consequently, in the absence of evidence demonstrating loss disaggregation, the government cannot meet its burden to prove by a preponderance of the evidence what amount of the victims' losses were caused by the original abuse. As a result, this Court cannot engage in the disaggregation required under *Galan*, which in turn prevents the Court from proceeding to the *Paroline* analysis. Thus, it is not possible on the current record and under the currently controlling case law, to calculate a restitution amount in this matter that will withstand appellate scrutiny. *See, e.g., United States v. Grovo*, --- F.3d --- , No. 15-30016, 2016 WL 3443691, at *11 (9th Cir. June 23, 2016) ("Under *Galan*, … failure to disaggregate losses caused by the initial abuse was an abuse of discretion…"); *United States v. Blurton*, 623 F. App'x 318, 318–19 (9th Cir. 2015) (holding district court erred by

ordering restitution without disaggregating losses as required under *Galan*).

13. Accordingly, the parties stipulate and agree that, under the current state of the law, this Court may not lawfully order restitution under the present circumstances. *See, e.g., United States v. Kugler*, No. CR 14-73-BLG-SPW, 2016 WL 816741, at *2 (D. Mont. Feb. 29, 2016) ("Here, three of the five victims … failed to provide the government with any documentation or information to assist in disaggregating their losses. Without this information, the government cannot prove by a preponderance of the evidence what amount of the victims' losses was caused by the original abuse. As a result, the court cannot engage in the disaggregation required under *Galan*, which in turn prevents the court from proceeding to the *Paroline* analysis. Restitution is not allowed under these circumstances and it is denied.") (citation omitted).

14. Consequently, the parties stipulate and agree that the Court should deny the restitution requests in this matter and vacate the restitution hearing currently scheduled for August 25, 2016.

DATED: August 21, 2016                                    Respectfully Submitted,

                                                         PHILLIP A. TALBERT
                                                         Acting United States Attorney

By:   */s/ André M. Espinosa*
      ANDRÉ M. ESPINOSA
      Assistant U.S. Attorney

Dated: August 22, 2016                                    */s/ Greg Foster*
                                                            GREG FOSTER
                                                            Attorney for Defendant

For the reasons set forth in the parties' stipulation and for good cause shown, restitution in this matter is DENIED and the restitution hearing currently scheduled for August 25, 2016, is VACATED.

IT IS SO ORDERED.

Dated: August 22, 2016

                                                         MORRISON C. ENGLAND, JR
                                                         UNITED STATES DISTRICT JUDGE